IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Jeffrey Curtis, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50285 |
| | ) | |
| vs. | ) | |
| | ) | Judge Philip G. Reinhard |
| FCA US, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Tri-Dim's motion [170] to reconsider or in the alternative to grant Tri-Dim leave to file a motion for summary judgment is denied.

## STATEMENT-OPINION

On April 12, 2019, the court entered an order [158] granting in part the motion of third-party plaintiff FCA, US, LLC ("FCA") for summary judgment [135] against third-party defendant Tri-Dim Filter Corporation ("Tri-Dim"). In its summary judgment order, the court found Tri-Dim was obligated under its contract with FCA to insure, indemnify, and defend FCA against the claims brought in this case by plaintiff, Jeffrey Curtis. Tri-Dim moves [170] to reconsider the grant of partial summary judgment to FCA. Tri-Dim asks the court to vacate the order granting partial summary judgment because the portions of the contract between Tri-Dim and FCA on which summary judgment was granted for FCA are void under the statute of frauds. Having lost on FCA's motion for summary judgment, Tri-Dim now argues it did not sign the contract under which it had been performing work for FCA and, therefore, that the indemnity and duty to defend obligations set forth in Tri-Dim's contract with FCA are void   In the alternative, Tri-Dim asks leave to file its own motion for summary judgment to present the statute of frauds defense.

Fed. R. Civ. P. 54(b) provides "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, a court has "discretion to reconsider an interlocutory judgment or order at any time prior to final judgment." Mintz v. Caterpillar, Inc., 788 F.3d 673, 679 (7th Cir. 2015) (quotation marks and citation omitted). Such a reconsideration "is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear the ruling was erroneous." Santamarina v. Sears, Roebuck & Co., 466 F.3d 570, 572 (7th Cir. 2006). A motion to reconsider is not an appropriate forum for "arguing matters that could have been heard during the pendency of the previous motion."

1

Sanchelima Int'l, Inc. v. Walker Stainless Equipment Co., LLC, 920 F.3d 1141, 1146 (7th Cir. 2019).

Tri-Dim does not argue there has been a change in, or clarification of law that makes clear the court's prior ruling was erroneous. It argues the Michigan statute of frauds, Mich. Comp. Laws § 566.132, requires the voiding of the contract.[1] Tri-Dim does not argue this statute was recently enacted or amended in a way to provide a defense to Tri-Dim that previously did not exist.

A statute of frauds defense is an affirmative defense which must be affirmatively stated in responding to a pleading. Fed. R. Civ. P. 8(c)(1). Tri-Dim did not state this affirmative defense in its answer to FCA's third-party complaint, nor did it ever seek leave to amend its answer to raise this defense, nor did it raise this defense in its opposition to FCA's motion for summary judgment. This is the epitome of a matter that could have been raised during the pendency of the previous motion.

Tri-Dim argues the court should consider the belated statute of frauds argument anyway because requiring a party to indemnify another for the other's own negligence is strongly disfavored under Michigan law and the issue is easily resolved in Tri-Dim's favor because it is undisputed that the contract was not signed and the law is clear that the statute of frauds voids the challenged contract provisions. In its prior order, the court found that under Michigan law a contract to indemnify an indemnitee for its own negligence was enforceable citing Daimler Chrysler Corp. v. Process Development Corp., No. 234827, 235741, 2003 WL 21715874 (Mich. Ct. App. July 24, 2003), in which the Michigan Court of Appeals held indemnification was required under contract language very similar to the contract language here and on legally indistinguishable facts. The court found the interpretation and application of the contract language by the Process Development court persuasive and predicted the Michigan Supreme Court, if faced with the FCA/Tri-Dim contract, would enforce it.

In its brief, Tri-Dim states "having to indemnify FCA for its own negligence is a substantial judgment that is strongly disfavored by both Michigan and Illinois law." In its reply brief, it argues the court "should take into account public policy considerations against allowing a party obtaining indemnity for its own negligence when deciding whether to declare the indemnity provision void under the Statute of Frauds." However, Tri-Dim cites Gartside v. Young Men's Christian Ass'n of Metro. Chicago Found., 274 N.W.2d 58, 60 (Mich. App. 1978) in its reply brief. Gartside expressly states "[c]ontracts to indemnify the indemnitee for damages caused by the indemnitee's sole negligence are not unenforceable or contrary to the public policy of this state." Id. There are no Michigan public policy considerations weighing in Tri-Dim's favor on the issue of indemnifying a party for its own negligence.

---

[1] Tri-Dim also makes arguments under Illinois law but the court previously found that Michigan, not Illinois law applies to this third-party action based on the contract's choice of law provision. Tri-Dim does not ask for reconsideration of that ruling. Its statute of frauds argument goes only to the rulings on its duty to defend and indemnify FCA. It does not argue the statute of frauds voids the entire contract, only the duties to defend and indemnify. Accordingly, only Michigan law is relevant to the motion to reconsider. Illinois law will not be discussed.

In its response [143] to FCA's LR56.1(a)(3) statement of facts [137], Tri-Dim did not contest that on the date of plaintiff's injury Tri-Dim was providing janitorial services to FCA pursuant to a purchase order (response to ¶ 28), that all services Tri-Dim was to provide under that purchase order were to be in accordance with the General Terms and Conditions (response to ¶ 29), that the General Terms and Conditions were part of the agreement between the parties (response to ¶ 30), that the General terms and Conditions applied to all contracts for services including the purchase order between Tri-Dim and FCA (response to ¶ 31), and that the General Terms and Conditions included the language which the court found in its summary judgment order [158] established the duty to defend and indemnify (response to ¶ 32). By not controverting these facts, Tri-Dim admitted them. LR56.1(b)(3)(B) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.") Having admitted it was a party to this contract and to all the terms of the contract, Tri-Dim cannot now claim some of the terms it admitted were part of the contract were, in fact, not terms of the contract at all.

Tri-Dim asserts in its reply brief that it is not attempting to change the undisputed facts. It attacks FCA's response brief statement that "Tri-Dim submitted the affidavit of Jay Burzynski, its regional manager, attesting to the validity of the Purchase Order." Tri-Dim argues Burzynski's affidavit "simply attested "that 'true and accurate copies' of the written agreements in dispute were attached to his affidavit," that he "did not provide any testimony indicating that Tri-Dim waived its statute of frauds argument. Moreover, FCA has not provided this Court with a signed copy of the Purchase Order, or any facts that could be used as a basis for arguing that the unsigned Purchase Order is exempt from the statute of frauds. The undisputed facts therefore support Trim-Dim." This argument totally ignores the factual admissions in Tri-Dim's response [143] to FCA's LR56.1(a)(3) statement of facts discussed in the previous paragraph. Tri-Dim admitted the duty to defend and indemnify provisions were part of the contract. In opposing summary judgment, it argued those terms did not require it to indemnify FCA for FCA's own negligence, but the court found Michigan law to hold otherwise. Tri-Dim chose not to raise the statute of frauds as a defense in favor of arguing the contract's indemnification terms did not require it to indemnify FCA for FCA's own negligence. Nothing in Tri-Dim's motion to reconsider persuades the court Tri-Dim now should be allowed to make a different choice.

As noted above, the court has discretion under Rule 54(b) to reconsider a non-final order at any time. Mintz, 788 F.3d at 679. The court has reviewed Tri-Dim's arguments, the court's summary judgment ruling, and the record in this case. In exercising its discretion, the court has weighed all these factors and declines to vacate its grant of partial summary judgment in favor of FCA.

Alternatively, Tri-Dim asks leave to file its own motion for summary judgment in order to raise the statute of frauds defense. Tri-Dim did not file a motion for summary judgment previously. The deadline for such a motion was August 31, 2018. Tri-Dim filed its motion for leave to file a motion for summary judgment on June 17,2019, more than nine months after the deadline.

Fed. R. Civ. P. 16(b)(1) requires the court to enter a scheduling order. Rule 16(b)(3)(A) requires a scheduling order to "limit the time to . . . file motions." Rule 16(b)(4) allows

modification of deadlines set by a scheduling order "only for good cause and with the judge's consent."  The primary consideration in making a good-cause determination under Rule 16(b)(4) is the diligence of the party seeking the modification. Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011).  Tri-Dim has failed to show diligence.

      Tri-Dim did not seek modification before the expiration of the deadline.  It waited over nine months beyond the deadline and until its chosen strategy for opposing FCA's summary judgment motion had failed.  It now seeks to employ a different strategy to avoid contractual liability to defend and indemnify FCA.  However, "a party's changing its litigation strategy is not good cause for amending a scheduling order under Rule 16(b)(4)." Rexnord Indus., LLC v. Bigge Power Corp., 947 F.Supp.2d 951, 962 (E.D. Wisc. 2013) ("Moreover, it strikes me as obvious that changing litigation strategies after a previous strategy has failed does not constitute good cause").

      Tri-Dim offers no explanation as to why it did not file a motion for summary judgment raising the statute of frauds defense prior to the deadline.  Instead, it posits that the court should use the four-factor analysis employed by the Fifth Circuit in S & W Enters., L.L.C. v. Southtrust Bank of Ala., 315 F.3d 533 (5th Cir. 2003)[2].  Those factors are: (1) the party's explanation for the failure to timely file the motion; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice. See id. at 536.  Tri-Dim then ignores the first factor and argues in its reply brief that "[f]actors two through four fully support Tri-Dim's requested relief.  This issue is very important because Tri-Dim is being forced to defend and indemnify FCA for its own negligence, there is no prejudice in granting the requested relief because FCA should have to defend and indemnify itself for its own negligence, and a continuance is unnecessary because shifting FCA's defense and indemnity obligations back to it will not delay any discovery or trial."

      Even if the court were to choose to apply the four-factor analysis, Tri-Dim's motion would fail.  The complete absence of any attempt to meet the first factor weighs heavily against Tri-Dim as under Seventh Circuit precedent (Alioto cited above), diligence is the primary consideration.  Tri-Dim has not offered any explanation as to why it failed to file a summary judgment motion prior to the deadline.  It has not suggested any explanation for how it has been diligent despite failing to file a summary judgment motion before the deadline, failing to ask for a modification of the scheduling order before the expiration of the deadline, and letting an extended period of time elapse after the deadline before seeking modification.  Tri-Dim glosses over the prejudice to FCA and the plaintiff, and the court that would result from allowing it to file a summary judgment motion at this time.

      This case has been pending for over three years and a final pretrial conference is set in February.  The summary judgment process under LR56.1, which has already been gone through once, would have to be repeated.  FCA would be forced to expend more time and money to go through the process again.  This is not the only case the court has pending.  Time will necessarily elapse before the court would be able to consider and decide the motion resulting in more delay.  The court has already invested time in considering and deciding the prior summary judgment motions and now this motion to reconsider.  It would have to invest more time in considering and

---

[2]  As this opinion is not from the Seventh Circuit, it is not binding on the court.

4

deciding the new summary judgment motion.  In the meantime, plaintiff would be forced to wait for resolution of his claim.  "[P]rejudice to the interests of efficient judicial administration is a factor to be weighed when determining whether to excuse noncompliance with a deadline." Rexnord, 947 F.Supp.2d at 963 (quotation marks and citation omitted).  The delay that granting the motion would cause weighs heavily against granting it.  As to the fourth factor, a continuance is no relief to the prejudice caused by delay or the incurring of additional expense.  Only the third factor, the importance of the relief, falls in Tri-Dim's favor but it is clearly outweighed by the other factors weighing against granting the requested relief.

      For the foregoing reasons, Tri-Dim's motion [170] to reconsider or in the alternative to grant Tri-Dim leave to file a motion for summary judgment is denied.

Date: 10/18/2019                    ENTER:

_____
      United States District Court Judge

Electronic Notices. (LC)